Freedman, J.
This is a motion to set aside two executions • against defendant’s person. Of the grounds assigned, only one requires serious consideration. The others are, under the circumstances shown, clearly untenable.
The ground which does present a grave question, is that the said executions were not issued within three months after the entry of the respective judgments upon which they are based.
Prior to the amendment of section 572 of the Code of Civil Procedure, passed June 15, 1886, the ground stated was available only to a -defendant in actual custody, which is not the case of the present defendant. The amendment of 1886 abolishes the requirement of actual custody, and, except in a case where an order of arrest can be granted only by the court, enables a defendant in any event to make the motion upon proof that the plaintiff neglected to issue the execution within three months after the entry of the judgment.
In the case at bar the first judgment was entered upon a demurrer to the complaint on or about January 18, 1884, for the sum of $2,643.98. The defendant appealed from said judgment to the general term, which affirmed the same. Judgment of affirmance was entered in April, 1884, with $66.10, costs. Upon these judgments executions against defendant’s property were issued May 21, 1886, and returned unsatisfied July 20, 1886. Thereupon executions against defendant’s person were issued July 28, 1886, and the same having been returned September 27, 1886, with the endorsement “ not found,” alias executions against the person were issued October 2, 1886. Defendant’s motion is to set aside the alias executions.
Upon these facts it is clear that the plaintiff did not *3 issue the executions against defendant’s person within three months after the entry of the judgments. But is he chargeable with any neglect ? Prior to the amendment of 1886, the plaintiff was under no duty to enter judgment, or to issue execution thereon within three months, unless the defendant was in actual custody, which was not the case. Moreover, as matter of fact, the plaintiff did issue executions against defendant’s person in less than two months after the amendment took effect.
No neglect within the meaning of the law has therefore been established, and the defendant upon whom the burden of proof in this respect rests, has not brought himself within the statute.
Moreover, this failure to establish neglect constitutes also a sufficient reason in another respect, why defendant’s application should he denied. Section 572, as amended in 1886, is not peremptory. It authorizes in express terms a denial of the application whenever reasonable cause is shown why the application should not be granted. The facts disclosed and the absence of neglect do constitute such reasonable cause.
This disposition of the motion renders it unnecessary to determine whether cases pending at the time the amendment of 1886 went into effect, do or do not remain wholly unaffected by said amendment.
The motion must be denied, with $10 costs.